# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

RHONDA M. McCULLAR,                        )
                                           )
          Plaintiff,         )
                                           )
vs.                                        )        Case No. 09-CV-440-GKF-TLW
                                           )
MICHAEL J. ASTRUE,                         )
Commissioner, Social Security Administration, )
                                           )
          Defendant.        )

## O P I N I O N   A N D   O R D E R

Before the court is the Report and Recommendation of United States Magistrate Judge T.

Lane Wilson on the judicial review of a decision of the Commissioner of the Social Security

Administration denying Social Security disability benefits [Doc. No.22] and the Objections

thereto filed by plaintiff, Rhonda M. McCullar.  [Doc. No. 23].

## I.  Standard of Review

Pursuant to Fed.R.Civ.P. 72(b)(3), "[t]he district judge must determine de novo any part of

the magistrate judge's disposition that has been properly objected to.  The district judge may

accept, reject, or modify the recommended disposition; receive further evidence; or return the

matter to the magistrate judge with instructions."  However, even under a de novo review of such

portions of the Report and Recommendation, this court's review of the Commissioner's decision is

limited to a determination of "whether the factual findings are supported by substantial evidence

in the record and whether the correct legal standards were applied." *Doyal v. Barnhart*, 331 F.3d

758, 760 (10th Cir.2003). Substantial evidence is "such relevant evidence as a reasonable mind

might accept as adequate to support a conclusion."  *Id.*  It is more than a scintilla, but less than a

preponderance. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir.2007). The court will "neither

reweigh the evidence nor substitute [its] judgment for that of the agency," *White v. Barnhart*, 287 F.3d 903, 905 (10th Cir.2001) (quoting *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir.1991)).

## II.  Factual/Procedural Background

Plaintiff filed an application for disability and disability benefits on January 31, 2006. [AR at 14].  Plaintiff also filed an application for supplemental security income on January 13, 2006. [*Id.*].  In both applications, plaintiff alleged disability beginning December 13, 2005. Plaintiff's claims were denied initially on October 23, 2006, and upon reconsideration on February 2, 2007. [*Id.*].  Plaintiff filed a timely written request for hearing, and a hearing was conducted on April 14, 2008. [*Id.*].  Plaintiff testified at the hearing, as did A.G. Marlowe, an impartial vocational expert. [*Id.*]. On July 14, 2008, the Administrative Law Judge issued a decision finding, based on the application for a period of disability and disability insurance benefits,  plaintiff was not disabled under Sections 216(i) and 223(d) of the Social Security Act, and based on the application for supplemental security income filed on January 13, 2006, the plaintiff was not disabled under section 1614(a)(3)(A) of the Social Security Act. [AR at 24.]. Plaintiff filed a request for review on August 25, 2008. [AR at 5].  The Appeals Council denied the request on March 23, 2009. [AR at 1-3].  Plaintiff filed her appeal of the decision on July 9, 2009. [Doc. No. 2].

The Magistrate Judge recommended the decision of the Social Security Commissioner be affirmed. [Doc. No. 22].  Plaintiff timely filed her Objections to the Report and Recommendation [Doc. No. 23].

Plaintiff was born on July12, 1954, and was 53 years old at the time of the hearing before

the ALJ. [AR at 29]. She has a high school education. [*Id.*]. She was employed as a crew leader trainee for Hardee's Fast Food from 1993 to 1997; a flagger and "water girl" for a construction company for six to eight months; a pottery scraper for Frankoma Potter for six months in 1997; and a packager and palletizer for Nonni's Food Company from 1998 to 2005. [AR at 32-35, 218]. She worked in the finished goods division at Nonni's, wrapping and transferring Biscotte cookies from production to packing. [AR at 174].

In her objection to the Report and Recommendation, plaintiff challenges the Magistrate Judge's finding that Dr. Harold Battenfield, D.O., was not a treating source for Social Security purposes and therefore, the ALJ did not need to explain the weight he gave to Dr. Battenfield's opinion. [Doc. No. 23 at 1-2]. Additionally, plaintiff asserts the ALJ's RFC assessment was not supported by substantial evidence. [*Id.* at 2-3].

### III. Analysis

Judicial review under 42 U.S.C. §405(g) is limited to two issues: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the decision comports with relevant legal standards. *Howard v. Barnhart,* 379 F.3d 945, 947 (10th Cir. 2004). In reviewing the ALJ's decision, the court may neither reweigh the evidence nor substitute its discretion for that of the Commissioner. *Oldham v. Astrue,* 509 F.3d 1254, 1257 (10th Cir. 2007). Substantial evidence is more than a scintilla and less than a preponderance, and it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Fowler v. Bowen,* 876 F.2d 1451, 1453 (10th Cir. 1989). The court may render a finding of no substantial evidence only if other evidence overwhelms the evidence upon which the Commissioner relied, or if the Commissioner's evidence constitutes mere conclusion

and not actual evidence. *Descheenie ex rel. Descheenie v. Bowen,* 850 F.2d 624, 227-28 (10th Cir. 1988).

In order to determine whether a claimant is under a disability, the Secretary applies a five-step inquiry: (1) whether the claimant is currently working; (2) whether the claimant suffers from a severe impairment; (3) whether the impairment meets or equals an Appendix 1 listing for presumptive disability; (4) whether the impairment prevents the claimant from continuing her past relevant work; and (5) whether the impairment prevents the claimant from doing any other work. 20 C.F.R. §§404.1520, 416.920. *See Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992).

A claimant capable of performing past relevant work is not disabled within the meaning of the Social Security Act. *See* 20 C.F.R. §§404.1520(e) and 416.920(e). The claimant bears the burden of proving her inability to perform past relevant work. *Andrade v. Secretary of Health & Human Services,* 985 F.2d 1045, 1050 (10th Cir. 1993). Specifically, a claimant must prove her inability to return to her particular former job and to her former occupation as that occupation is generally performed throughout the national economy. *Id.* at 1051. To prove a disability, the plaintiff must establish a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42. U.S.C. §423(d)(1)(A).

In assessing plaintiff's qualification for benefits, the ALJ found plaintiff had not engaged in substantial gainful activity since her alleged onset date of December 13, 2005. [AR at 16]. He determined her severe impairments to be back and wrist pain, chronic obstructive pulmonary disease and remote left knee surgery. [*Id.*]. He found plaintiff's depression was non-severe. [AR at 16-17]. He determined, at step three, that plaintiff did not have an impairment or combination

of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). [AR at 17]. The ALJ found that plaintiff retains the residual functional capacity ("RFC") to lift and/or carry 20 pounds occasionally and up to 10 pounds frequently, stand or walk at least six hours out of an eight-hour workday, but should avoid work above the shoulder level with no constant use of the hands for such repetitive tasks as keyboarding. [AR 27].[1] He concluded plaintiff was capable of performing her past relevant work as a pottery scraper, flagger and fast food worker, which were performed at the sedentary exertional level and did not require the performance of work-related activities precluded by the plaintiff's residual functional capacity. [AR 23-24].

## A. Whether Battenfield Was a "Treating Physician"

Plaintiff contends Dr. Harold Battenfield, D.O., was a "treating physician," and the ALJ erred in disregarding Battenfield's opinion and/or failing to explain what weight he gave it.

When a doctor is a "treating physician," the ALJ must determine whether the opinion is entitled to controlling weight. *Watkins v. Barnhart,* 350 F.3d 1297 (10th Cir. 2003). In so doing, the ALJ must consider whether the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and whether the opinion is consistent with other substantial evidence in the record. *Id.* at 1300. If the ALJ determines the opinion is deficient in both of these

---

[1]This is the "light work" category. Light work involves lifting no more than 20 pounds at a time, with frequent lifting or carrying of objects weighing up to 10 pounds. 20 C.F.R. §§404.1567(b), 416.967(b). Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time, with some pushing and pulling of arm or leg controls. *Id.* A person who can perform light work generally can also perform sedentary work. *Id.*

respect, then it is not entitled to controlling weight. *Id.* The ALJ must then determine what weight, if any, the opinion deserves. *Id.* at 1300-01. Even if the ALJ decides a treating physician's opinion is not entitled to "controlling weight," the opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. §§404.1527 and 416.927. *Id.* at 1300. "[A]n ALJ must give good reasons in [the] notice of determination or decision for the weight assigned to a treating physician's opinion." *Id.*

A "treating physician" is defined as someone:

> who provides you, or has provided you, with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with you. Generally, we will consider that you have an ongoing treatment relationship with an acceptable medical source when the medical evidence establishes that you see, or have seen, the source with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for your medical condition(s). We may consider an acceptable medical source who has treated or evaluated you only a few times or only after long intervals (e.g., twice a year) to be your treating source if the nature and frequency of the treatment or evaluation is typical for your condition(s). *We will not consider an acceptable medical source to be your treating source if your relationship with the source is not based on your medical need for treatment or evaluation, but solely on your need to obtain a report in support of your claim for disability.*

20 C.F.R. §§404.1502 and 416.902 (emphasis added).

"A physician's opinion is therefore not entitled to controlling weight on the basis of a fleeting relationship, or merely because the claimant designates the physician as [his] treating source." *Doyal v. Barnhart,* 331 F.3d 758, 762-63 (10th Cir. 2003). Citing 20 C.F.R. §416.927(d)(2)(i), (ii), the court in *Doyal* stated:

> In determining whether a physician's opinion is entitled to controlling weight, the Social Security Administration regulations look to the "[l]ength of the treatment relationship and the frequency of examination," and the "[n]ature and extent of the treatment relationship." A physician's opinion is deemed entitled to special weight as that of a "treating source" when he has seen the claimant "a number of times and long enough to have obtained a longitudinal picture of [the claimant's]

impairment," taking into consideration "the treatment the source has provided" and "the kinds and extent of examinations and testing the source has performed or ordered from specialists and independent laboratories."

*Id.* at 763. The court concluded that a physician who saw a claimant once in 1993 and again in 2000, was not a "treating physician." *Id.* Similarly, in *McTaggart v. Astrue,* 342 Fed. Appx. 373, 375 (10th Cir. 2009) (unpublished), the Tenth Circuit held that physicians plaintiff saw in connection with his workers' compensation claim were not "treating physicians."

Although Dr. Battenfield saw plaintiff in connection with a workers' compensation claim [AR at 163], the record reveals he played more than a consultative role. He saw plaintiff five times over the period of May 17, 2004 to August 4, 2004. [AR at 222-226]. During that period, he ordered x-rays, which were negative for osseous pathology [AR at 227], an EMG, which revealed no evidence of cervical radiculopathy, CTS or peripheral neuropathy [AR at 238-240], and a functional capacity evaluation. [AR at 223]. He twice ordered injections of Depo-Medrol[AR at 223-224]. He discharged her with a finding of a permanent restriction of no lifting over 10 pounds right hand or pushing or pulling over 20 pounds. [AR at 222].

The court finds that this relationship meets the definition for a "treating source" under Social Security regulations. Although plaintiff's relationship was based, in part, on her "need to obtain a report in support of [her] claim for disability," Dr. Battenfield also ordered diagnostic tests in an effort to evaluate her complaint and gave her injections to attempt to alleviate her wrist pain. The relationship was not based *solely* on her need to obtain a report for her workers' compensation claim, but also involved "treatment or evaluation." *See* 20 C.F.R. §§404.1502 and 416.902.

Dr. Battenfield was a "treating source." Thus, the ALJ's failure to conduct the type of

analysis set out in *Watkins v. Barnhart* constitutes reversible error.

**B. Whether the RFC Determination Was Supported by "Substantial Evidence"**

Plaintiff asserts the Magistrate Judge erred in concluding the ALJ's Residual Functional Capacity ("RFC") was supported by "substantial evidence."  The court agrees.  The ALJ's failure to evaluate Dr. Battenfield's opinion that plaintiff could not lift more than 10 pounds dooms his RFC determination.  *See Clifton v. Chater,* 79 F.3d 1007, 1009 (10th Cir. 1996) ("In the absence of ALJ findings supported by specific weighing of the evidence, we cannot assess whether relevant evidence adequately supports the ALJ's conclusion that appellant's impairments did not meet or equal any Listed Impairment, and whether he applied the correct legal standards to arrive at the conclusion.").

The Commissioner contends this error is harmless because even if the ALJ had accepted Dr. Battenfield's opinion that plaintiff could not lift more than 10 pounds, one of her past jobs–that of pottery scraper–was sedentary, and plaintiff could perform that job.  The Tenth Circuit has generally recognized the principle of harmless error in the administrative review setting, including in social security disability cases.  *Allen v. Barnhart,* 357 F.3d 1140, 1145 (10th Cir. 2004).  "[T]he court has held that certain technical errors were minor enough not to undermine confidence in the determination of th[e] case...and that an ALJ's conduct, although improper, d[id] not require reversal because the procedural impropriety involved had not altered the evidence before the ALJ."  *Id.* (quotations and citations omitted).  The court found that an ALJ's failure to make a dispositive finding of fact could be harmless on the basis that the missing fact was "clearly established in the record,"  In so ruling, however, the court stated:

> Two considerations counsel a cautious, if not skeptical, reception to this idea.
> First, if too liberally embraced, it could obscure the important institutional

boundary preserved by *Drapeau's* admonition that courts avoid usurping the
administrative tribunal's responsibility to find the facts. Second, to the extent
a harmless-error determination rests on legal or evidentiary matters not considered
by the ALJ, it risks violating the general rule against post hoc justification of
administrative action recognized in *SEC v. Chenery Corp.,* 318 U.S. 80, 63 S.Ct.
454, 87 L.Ed. 626 (1943) and its progeny.

With these caveats, it nevertheless may be appropriate to supply a missing
dispositive finding under the rubric of harmless error in the right exceptional
circumstances, i.e., where, based on material the ALJ did at least consider
(just not properly), we could confidently say that no reasonable administrative
factfinder, following the correct analysis, could have resolved the factual matter
any other way.

*Id.*

Thus, the issue here is whether this case is one of the "exceptional circumstances" in
which the court can conclude that the ALJ's failure to take into account the Battenfield opinion
was harmless error because one of plaintiff's past relevant jobs was sedentary. This issue is
further complicated by the ALJ's failure to make findings at step four about the specific physical
and mental requirements of plaintiff's past relevant work.

The ALJ found that plaintiff had the residual functional capacity for "light exertional
work," with no lifting above shoulder level and no constant use of the hands for such repetitive
tasks such as keyboarding. [AR at 17].[2] He also found that she was capable of performing past
relevant work as a pottery worker, flagger and fast food worker and therefore did not have a
disability as defined in the Social Security Act. [AR at 23-24]. He made no specific findings
concerning the requirements of her past relevant work.

---

[2]In what appears to be a discrepancy, the ALJ also stated, "The claimant is capable of performing
past relevant work as a pottery worker, flagger and fast food worker which were performed at the
*sedentary* exertional level." [AR at 23] (emphasis added). However, the testimony of the vocational
expert was that the pottery scraper job was sedentary but the flagger and fast food worker jobs were
light exertional level. [AR at 53].

Social Security Ruling ("SSR") 82-62, 1982 WL 31386, addresses the policy and procedures for determining a claimant's capacity to do past relevant work. The ruling states that the rationale for a disability decision must be written so that a clear picture of the case can be obtained. The rationale must follow an orderly pattern and show clearly how specific evidence leads to a conclusion. *Id.* at *4. In finding the claimant has the capacity to return to past relevant work, the determination must contain the following specific findings of fact: 1) the individual's RFC; 2) the physical and mental demands of the past work; and 3) that the individual's RFC would permit a return to the past work. *Id.* The ruling states:

> Adequate documentation of past work includes factual information about those work demands which have a bearing on the medically established limitations. Detailed information about strength, endurance, manipulative ability, mental demands and other job requirements must be obtained as appropriate. The information will be derived from a detailed description of the work obtained from the claimant, employer, or other informed source.

*Id.*

The Tenth Circuit has held that at step four of the disability analysis, it is necessary to inquire and make findings as to the specific mental and physical demands of the jobs at issue and to evaluate the claimant's ability to meet those demands. *Winfrey v. Chater,* 92 F.3d 1017, 1025 (10th Cir. 1996). Further, the ALJ bears the responsibility for developing the record as to the demands of the claimant's past relevant work. *Id.* at 1024.

Since the decision itself fails to make the findings required by SSR 82-62, the court looks to the record to determine if it fills the gap. Plaintiff's testimony about her previous jobs, and particularly her work as a pottery scraper, is sketchy. [AR at 32-35]. She testified the pottery scraper job involved "get[ting] lines from the–off of the cups and get[ting] them ready for painting." [AR at 33]. It was a "sit down" job and did not require much lifting. [*Id.*]. The

vocational expert ("VE") testified that the work of a palletizer and packer is "light strength demand and an SVP of two," the pottery work is "sedentary and SVP of two, entry level," the flagger for a construction company is "light, SVP of two," and fast food work is "light and SVP of three." [AR at 53]. Further, he opined that a person with an RFC of a 20-pound weight restriction (light exertional), no lifting above the shoulder level and no constant use of hands for repetitive work such as keyboarding could do the pottery work, the flagging and the fast food work [*Id.* at 54], but a person who had a 10-pound weight restriction could only perform the pottery work. [*Id.* at 55].[3] Beyond this conclusory statement, the VE provided no description of the specific job responsibilities of a pottery worker and no discussion of whether the use of hands to scrape the pottery would violate the limitation on constant use of the hands. In short, the court is left to rely on whatever assessment that took place in the VE's head. *See Winfrey v. Chater,* 92 F.3d at 1025.

The court does not herein conclude that plaintiff could *not* have performed her past relevant work as a pottery scraper. However, the record with respect to plaintiff's past relevant work has been inadequately developed. As a result, the court cannot "confidently say that no

---

[3]In *Winfrey v. Chater,*, the Tenth Circuit stated, "This practice of delegating to a VE many of the ALJ's fact finding responsibilities at step four appears to be of increasing prevalence and is to be discouraged." 92 F.3d at 1025. It concluded:

> Requiring the ALJ to make specific findings on the record at each phase of the step four analysis provides for meaningful judicial review. When, as here, the ALJ makes findings only about the claimant's limitations, and the remainder of the step four assessment takes place in the VE's head, we are left with nothing to review.

*Id.*

reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way." *Allen v. Barnhart,* 357 F.3d at 1145. Therefore, the court rejects the Commissioner's argument of harmless error.

## IV. Conclusion

The ALJ's failure to evaluate Dr. Battenfield's opinion in accordance with *Watkins* constituted legal error. Further, his conclusion that plaintiff could perform past relevant work is not supported by substantial evidence. Therefore, the court must grant plaintiff's Objection to the Report and Recommendation [Doc. No. 23] and reject the Magistrate Judge's Report and Recommendation [Doc. No. 22]. The ALJ's decision is hereby reversed and remanded for a proper analysis of the record, including consideration of the Battenfield opinion, and a thorough discussion of the rationale for the ALJ's residual functional capacity determination and his conclusion that plaintiff was able to perform her past relevant work.

ENTERED this 10th day of February, 2011.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma